UNTED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br><br>CLAUDE M. BROUILLARD,<br><br>DEBTOR | CHAPTER 11<br><br>CASE NO. 14-20010 (ASD)<br><br>RE: ECF Nos. 73 & 90 |

### BRIEF MEMORANDUM OF DECISION AND ORDER
### DENYING DEBTOR'S MOTION FOR STAY PENDING APPEAL

The Debtor's *Emergency Motion for Limited Stay Pending Appeal of Order Granting Relief From Automatic Stay to Farmington Bank* (hereinafter, the "Motion"), ECF No. 73, and Farmington Bank f/k/a Farmington Savings Bank's (hereinafter, "Farmington Bank") *Objection to [the Motion]* (hereinafter, the "Objection"), ECF No. 90, came before the Court for a hearing on March 27, 2014 (hereinafter, the "Hearing") at which the Court heard and considered the arguments of the parties.

The resolution of the Motion is governed by a multi-factored analysis distilled by the United States Supreme Court in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Under that analysis, the following factors must be considered:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

For the reasons stated and summarized by counsel for Farmington Bank at the Hearing, as more particularized in the Objection, adopted herein by the Court as its own reasoning for purposes of this ruling, the Court finds and determines that the Movants have

failed to meet their burden of establishing entitlement to an appellate stay under the *Hilton v. Braunskill* standards. More specifically, the Movants have not made a "strong showing that [they are] likely to succeed on the merits,"[1] and have failed to establish the "irreparable injury" necessary to entitle them to the relief they seek. The Court also finds that issuance of a stay would "substantially injure" Farmington Bank, and that the public interest lies in favor of denying the Motion.

In accordance with the above,

**IT IS HEREBY ORDERED** that the Motion is **DENIED**, and the Objection is **SUSTAINED**.

Dated: March 28, 2014

BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge

---

[1] The Court is mindful of the *Hirschfeld* standard, see *Hirschfeld v. Board of Elections*, 984 F.3d 35, 39 (2d Cir. 1992), adopted as well by a number of panels in the United States Court of Appeals for the Second Circuit, and subordinate Courts therein. See, e.g., *Cooper v. Town of East Hampton*, 83 F.3d 31, 36 (2d Cir.1996); *LaRouche v. Kezer*, 20 F. 3d 68, 72 (2d Cir.1994); *In re Country Squire Assoc. of Carle Place, L.P.*, 203 B.R. 182, 183 (2d Cir. BAP 1996). *Hirshfeld* interpreted the phrase "strong showing" to mean whether a movant *has demonstrated "a substantial possibility, although less than a likelihood, of success"on appeal* (emphasis added). *But see Rodriguez v. DeBuono*, 162 F.3d 56, 61 (2d Cir.1998); *In re Altman*, 230 B.R. 17, 18 (Bankr. D. Conn. 1999 (applying Hilton v. Braunskill without modification.) However, *Hilton v. Braunskill*, standing alone, or as interpreted by *Hirschfeld*, produces the identical result.