UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| CLAUDE M. BROUILLARD, | CASE NO. 14-20010 (ASD) |
| DEBTOR | RE: ECF Nos. 74 & 87 |

## BRIEF MEMORANDUM OF DECISION AND ORDER
## DENYING DEBTOR'S MOTION FOR RECONSIDERATION

The Debtor's *Motion for Reconsideration of Order Granting Farmington Bank's Motion for Relief From Automatic Stay* (hereinafter, the "Motion"), ECF No. 74, and Farmington Bank f/k/a Farmington Savings Bank's (hereinafter, "Farmington Bank") *Objection to Motion for Reconsideration of Order Granting Farmington Bank's Motion for Relief From Automatic Stay* (hereinafter, the "Objection"), ECF No. 87, came before the Court for a hearing on March 27, 2014 at which the Court heard and considered the arguments of the parties. Having also considered the relevant pleadings and other files and records of this and related bankruptcy cases as noted hereinafter, and for the reasons stated in the Objection which the Court adopts as its own[1], the Court determines that the Motion should be denied.

In addition, the Court specifically rejects the Debtor's argument that the *Munsill-*

---

[1] *Except* (i) that the Court finds the Debtor expressed his belief that the relevant Property should be valued at *approximately* $5,000,000, as opposed to *not less than* that figure as asserted in the Motion (*noting*, that Farmington Bank in its objection, ECF No. 90, to the Debtor's Motion [for Stay Pending Appeal], ECF No. 73, asserted accurately the Debtor's position that the relevant Property was worth *approximately* $5,000,000), and (ii) without considering Farmington Bank's "new appraisal" at $1,200,000.00, *see* Objection, Exhibit 1, as the highest relevant appraisal of record (a Superior Court determination of value at $1,750,000) did not and does not establish equity or any other basis to defeat the §362 Motion.

*Borden* (Case No. 10-20772), *Ravenwood* (Case No. 11-22667), *Hartford Avenue* (Case No. 13-51394), and *Elton Apartment* (Case No. 12-20543) bankruptcy cases are irrelevant to this matter for as noted by the Court at the Hearing, while the Debtor was not the actual debtor in any of those cases, the Debtor's fingerprints and hand prints are all over them. The files and records of those cases clearly reflect "an abusive bankruptcy agenda" being prosecuted by this Debtor in conjunction with others as to the relevant and other properties, a view shared by the District Court in an appeal of the Elton Apartment Case. *See e.g.*, Objection, Exhibit 8, p. 2 ("[t]his court [Thompson, DJ] concludes that this case is an instance of 'an abusive bankruptcy agenda'").

Accordingly,

**IT IS HEREBY ORDERED** that the Motion is **DENIED**, and

**IT IS FURTHER ORDERED** that the Objection is **SUSTAINED**.

Dated: March 28, 2014

BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge