UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------: 
                   : 
IN RE:                           :      CHAPTER 11 
                   : 
CLAUDE M. BROUILLARD,    :      CASE NO. 14-20010 (ASD) 
                   : 
     DEBTOR             :                      
                   :      RE: ECF NO. 193 
------------------------------------------------------------ :

**MEMORANDUM AND ORDER DISMISSING CASE WITH PREJUDICE**

On January 3, 2014,  Claude M. Brouillard (hereinafter, the "Debtor"), an attorney, commenced the instant bankruptcy case by the filing of a petition pursuant to Chapter 11 of the United States Bankruptcy Code. On August 6, 2014, in light of the lack of any progress in this case, and the Debtor's history of serial abuse as discussed hereinafter, this Court entered an *Order Establishing Timetable for Confirmation of Chapter 11 Plan* (hereinafter, the "Timetable Order"), ECF No. 193. The Timetable Order was entered pursuant to Bankruptcy Code §105(a) and (d) for the purpose of avoiding continuing and unnecessary delay, to prevent an abuse of process, and to further the appropriate, expeditious, timely and economical resolution of this case. To insure and achieve those goals,  the provisions of the Timetable Order required the Debtor, *inter alia*, to

(i) "file and serve a Disclosure Statement and Plan no later than November 19, 2014, by 4:00 p.m,"

(ii) "obtain approval of its Disclosure Statement no later than December 18, 2014," and

(iii) "obtain an order confirming its Plan no later than January 22,

2014".[1]

In a manner consistent with other cases with which the Debtor was associated as discussed hereinafter, the Debtor failed to timely

(i) file[2] or serve[3] a Disclosure Statement and Plan,

(ii) obtain approval of the Disclosure Statement,[4] and

(iii) obtain an order confirming a Plan

as required by the Timetable Order.

Anticipating such failures, the Timetable Order provided that if the Debtor should fail to comply with any of the provisions of the Timetable Order,

the Court may enter an order dismissing the case with the prejudice of at least a 180-day bar to re-filing, or converting this Chapter 11 case to a case

---

[1] The year "2014" was incorrectly stated in  the Timetable Order, and obviously was intended to be 2015.

[2] The Debtor's Disclosure Statement, ECF No. 205, and Chapter 11 Plan of Reorganization, ECF No. 206, were docketed, on November 20, 2014. The Debtor's representation that "*[p]ursuant to the Timetable Order*, Debtor filed a Disclosure Statement and Plan of Reorganization which was filed *on November 19, 2014* but not entered on the docket until November 20, 2014", *Debtor's Motion to Amend Timetable Order*  . . . , ¶6, ECF No. 237, is misleading insofar as it purports to represent compliance with the timely filing requisite of the Time Table Order as to the Disclosure Statement and Plan. The Clerk's Office has verified that the Disclosure Statement and Plan was not timely filed electronically, in-person,  thru the Court's "drop box " or by any other means. In addition, as noted by the Court at the March 12, 2015 Show Cause Hearing, the "one day" delay in filing and service, *see* fn. 3, were not significant integers in the Court's dismissal calculus.

[3] The Debtor does not and cannot claim that service was timely as the certificate of service attached to the Disclosure Statement, ECF No. 205, and the Plan, ECF No. 206, certifying service of the respective documents, both signed by the Debtor, each bear a typewritten service date of November 19, 2014, crossed out and over written in hand as *November 20, 2014*.

[4] After notice and a hearing before the Court held on December 18, 2014, at which the Debtor appeared and was heard to consider approval of the Debtor's Disclosure Statement (hereinafter, the "Disclosure Hearing") the Court disapproved the Disclosure Statement for the failure to provide "adequate information" within the meaning of Bankruptcy Code §1125(a)(1) as well as for the additional reasons stated on the record at the Disclosure Hearing. *See Margin Order Disapproving Disclosure Statement*, ECF No. 228.

under Chapter 7, or take such other action as may be appropriate, after notice and a hearing, *see* Bankruptcy Code Section 102(1)A).

Upon the Court's determination that the Debtor failed to comply with all three of the material requisites of the Timetable Order, the Court, on February 26, 2015, entered an *Order Directing the Debtor to Show Cause Why the Court Should Not Enter an Order Dismissing the Case With Prejudice or Converting the Case to Chapter 7*, ECF No. 243, directing the Debtor to:

> **APPEAR AND SHOW CAUSE** before this Court at the United States Courthouse, 450 Main Street (7th Floor), Hartford, Connecticut on **Thursday, March 12, 2015 at 10:00 a.m.** [heretofore and hereinafter, the Show Cause Hearing] as to why this Court should not enter an order consistent with the Timetable Order for failure of the Debtor to comply with its terms .

(Emphasis in original; bracketed language added).

At the Show Cause Hearing the Debtor appeared but failed to demonstrate cause as to why the Court should not dismiss the instant case and attach prejudice thereto. While the instant bankruptcy case is the first case in which the Debtor is actually the debtor, the reason for the attachment of prejudice to a dismissal of the case begins with the transparent and obvious fact that the Debtor was driving force behind seven other serial and abusive bankruptcy cases filed within the last five years, including four cases filed in the Hartford Division as follows:

> 1. March 12, 2010[5] - *Munsill-Borden Mansion, LLC* (Case No. 10-20772) (members - Claude Brouillard and Mei-Wa Cheng[6]); Case Converted to Chapter 7 for non- compliance with Stipulated Timetable Order.

> 2. September 12, 2011 - *Ravenwood Properties, LLC* (Case No. 11-22667)

---

[5] The Petition Date here and as initially listed as to each of the seven cases in these paragraphs.

[6] Mei-Wa Cheng is the Debtor's wife.

(members -- Claude Brouillard and Mei-Wa Cheng); Case Dismissed *with prejudice* for failure to obtain counsel and file monthly operating reports.

3. March 13, 2012 - *Elton Apartments, LLC* (Case 12-20543) (Owned by Ravenwood; Case Dismissed *with prejudice* for failure to be represented by eligible counsel and file required documents; May 27, 2013 - Appeal filed (Dist. Ct Case no. 3:12cv870 AWT); Dismissed for failure to file brief.

4. July 9, 2012 - *Southgate Investments, LLC* (12-21694) (members - Claude Brouillard and Ravenwood Properties); Case Dismissed for failure to file required documents, appear at §341 meeting, and failure to be represented by eligible counsel,

and three cases filed in the Bridgeport Division as follows:

5. September 4, 2013 - *56 Hartford Avenue, LLC* (Case No. 13-51394) (Claude Brouillard, Mei-Wa Cheng and Ravenwood Properties); Case Dismissed *with prejudice*.

6. September 4, 2013 - *48-54 Hartford Avenue, LLC* (Case 13-51396) (Claude Brouillard, Mei-Wa Cheng and Ravenwood Properties); Case Dismissed *with* prejudice.

7. *September 4, 2013 - 58-62 Hartford Avenue LLC (*Case No. 13-51397) *(*Claude Brouillard, Mei-Wa Cheng and Ravenwood Properties*);* Case Dismissed with *prejudice*.

The Debtor has repeatedly denied pursuing abusive bankruptcy agendas in this and other cases, and incident to a March 27, 2014 hearing argued, *inter alia*, that he should not be considered a *serial* abusive filer as the instant bankruptcy case is the singular case in which he has been the debtor. That observation, while true as to singularity, is otherwise contrary to and defies the record of this case and the other cases noted above. In connection with these cases, two Bankruptcy Judges[7] and a United States District Judge have characterized and determined the Debtor's conduct to be dilatory and/or abusive.

---

[7]United States Bankruptcy Judge Alan H.W. Shiff (presiding at Bridgeport) and the undersigned (presiding at Hartford).

For example, in this *Court's Brief Memorandum of Decision and Order Denying Debtor's Motion for Reconsideration [of Order Granting Farmington Bank's Motion for Relief from Stay]*, ECF No. 99, pp. 2-3, the Court rejected the Debtor's assertion that he is not a serial, abusive filer stating:

> the Court specifically rejects the Debtor's argument that the *Munsill-Borden* (Case No. 10-20772), *Ravenwood* (Case No. 11-22667), *Hartford Avenue* (Case No. 13-51394), and *Elton Apartment* (Case No. 12-20543) bankruptcy cases are irrelevant to this matter for as noted by the Court at the Hearing, while the Debtor was not the actual debtor in any of those cases, the Debtor's fingerprints and hand prints are all over them. The files and records of those cases clearly reflect "an abusive bankruptcy agenda" being prosecuted by this Debtor in conjunction with others as to the relevant and other properties . . . .

In dismissing an appeal by the Debtor concerning *Elton Apartments, LLC* (Case 12-20543), United States District Judge Alvin W. Thompson observed, *inter alia*, that the Bankruptcy Court's order dismissing the underlying bankruptcy case *with prejudice* had an evidentiary basis, adding "[t]his court also concludes that this case is an instance of "an abusive bankruptcy agenda". *In re Elton Apartments, LLC* Case No. 3:12cv870 (*October 15, 2012 Order Dismissing Case*).

The Debtor "enjoys" a similar reputation as an abusive litigant in the Superior Court for the State of Connecticut. In *Savings Institute Bank & Trust v. Hartford Avenue, 48-54, LLC, et al.* (No. KNLCV11-6008606S) Judicial District of New London, in an April 26, 2013 oral order of the Superior Court, *see Exhibit to Motion for Relief from Stay*, ECF No. 10, In re: 56 Hartford Ave, LLC (Bankr. Case No. 13-51394), the Honorable Joseph Q. Koletsky found, *inter alia*, the Debtor not worthy of belief and pursuing a strategy of delay, stating

> The Court makes the finding of fact that Mr. Brouillard's testimony has no credibility in the eyes of the Court. There is no doubt that both he and counsel, Ms. Cheng [the Debtor's spouse], are desperately involved in the

outcome of this litigation. It is very important to them. That does not excuse the fact, in the Court's opinion, that the testimony has not been reliable. The arguments have not been forthcoming, and the entire presentation has been ample evidence of the fact that *the defendants' interests are only to delay*.

\* \* \* \*

*The Court finds that the actions of the  defendants are clearly, clearly - by any standard of proof motivated by the desire to make this case drag on and on and on.*

(Footnote and emphasis added).

By pursuing an abusive strategy in this Court whose purpose is delay, that is,  to have this case "drag on and on and on", with the transparent objective and effect of impeding and obstructing the orderly progress of state court proceedings, a purpose which also attended the seven bankruptcy cases involving the Debtor since 2010, the Debtor has wasted limited and valuable judicial time and resources, state and federal, and has visited what the Court finds to be unwarranted and extreme prejudice on those parties who have encountered him in this case and related state court proceedings, in accordance with which,

**IT IS HEREBY ORDERED** Bankruptcy Case No. 14-20010 is **DISMISSED *with prejudice --*** the Debtor, Claude M. Brouillard, may not be a debtor pursuant to Title 11, United States Code, at any time during the two (2) year period following the date of this Order.

Dated: March 18, 2015                                        BY THE COURT


Albert S. Dabrowski
**United States Bankruptcy Judge**